## IN THE UNITED STATES COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

ATHONY TRUPIA, )
)
      Plaintiff, )
)
v. )    Case No. 5:25-cv-00568-HE
)    (Removed from Oklahoma
BOB MOORE ENTERPRISES, LLC; )    County Case No. CJ-2025-2993)
)
      Defendants. )

### DEFENDANT'S EMERGENCY MOTION FOR SANCTIONS AGAINTS PLAINTIFF FOR LITIGATION MISCONDUCT AND TO PREVENT CONTINUED THREATS/INTIMIDATION

Defendant, Bob Moore Enterprises, L.L.C. d/b/a Bob Moore Mazda ("Defendant"), respectfully files this Emergency Motion for Sanctions against Plaintiff for Litigation Misconduct and to Prevent Continued Threats/Intimidation.  Over the last 24-48 hours, Plaintiff has undertaken a campaign of unlawful, baseless threats/intimidation against Defendant and Defendant's counsel, which should be immediately stopped for the safety/protection of the parties and the integrity of the proceedings before this Court.  In support thereof, Defendant states as follows:

### INTRODUCTION

The underlying case, which pertains solely to two identical text messages (which Plaintiff describes as "a small issue"), was removed from Oklahoma County on May 27, 2025 (Doc. No. 1). The next day, Defendant filed a motion to dismiss (Doc. 4). In all filings, it was clearly and plainly reflected that Defendant was represented by attorneys at HB Law Partners, PLLC ("HB Law").  Unfortunately, the PACER information for one of the

associate attorneys at HB Law, Evan J. Edler, had not been updated at the time of the filings. Thus, the ECF notification associated with the filings reflected Mr. Edler's previous email address (evan.edler@oag.ok.gov).[1]

Mr. Edler realized this shortly after the initial filings were made and emailed Plaintiff to clarify any confusion that could have arisen. *See* Email from E. Edler, attached as Exhibit 1. HB Law immediately contacted PACER and updated Mr. Edler's information. Those changes are currently awaiting approval. Plaintiff's response to the innocuous oversight was both shocking and deeply concerning, which is why this Court's involvement is needed.

On June 2, 2025, Plaintiff sent an email to Mr. Edler, which stated, "You need to read this fully, immediately, and immediately call your client, today. I've given you until 9am tomorrow, and then I will ruin you all." *See* Email from A. Trupia, attached as Exhibit 2. The document attached to the email was an aggressive, profanity-ridden attempt to intimidate Mr. Edler, HB Law, Defendant, and an individual member of Defendant's management into a "settlement." *See* "Final Settlement Offer," attached as Exhibit 3.

Mr. Trupia began his letter by stating, "I'm just going to be completely frank with you here: one way or the other you fucked up." *Id.* He then proceeded to launch a barrage of baseless personal attacks and overt threats. For example, Mr. Trupia states:

> I spent many years in Real Estate, I make an excellent mailer, and a simple mailer with a warning about how it is unsafe to buy cars from Bob Moore dealerships because he's in bed with the authority that oversees potential complaints will literally end him. Everything his dad built, I will destroy, in

---

[1] Mr. Edler left the Office of the Oklahoma Attorney General in February 2025 and subsequently began his employment with HB Law.

a fucking flash, with a simple mailer that I will print out it with my own printer.

Mr. Trupia proceeds to offer "one shot to settle this all by 9am tomorrow morning," and gives Mr. Edler the following roadmap for what to do: "You will call your client, you will cry, you will tell them you have fucked up mightily, and you will tell them the only way he has a chance of coming out intact with his dealership is [TERMS OF SETTLEMENT OFFER REDACTED]." Mr. Trupia then warns, "I have zero fucks to give. Taking you all apart in my judiciary suit is far more valuable to me than a petty settlement. You and your client both better think that through. I'm out for blood here." *Id.*

Mr. Edler immediately provided Mr. Trupia's communications to the firm's leadership for response. On June 2, 2025, Jared Boyer sent the following email to Mr. Trupia (reproduced in its entirety):

> Mr. Trupia,
>
> Evan Edler forwarded me the email you sent to him earlier today. Mr. Edler is an associate attorney with our firm who began working here after leaving his previous employment with the Oklahoma Attorney General's Office. Not that it matters, but his previous employment ended in February 2025. Unfortunately, his credentials were not yet updated with the e-filing system for the United States District Court for the Western District of Oklahoma at the time of the initial filings in this case. As he explained to you in the email below, that oversight has now been corrected. To be clear, though I suspect you already know this, the Oklahoma Attorney General's Office does not have any involvement in the representation of Bob Moore Enterprises, LLC in this matter, nor has it ever.
>
> I'm not currently familiar with you or the work you do, but I am pretty familiar with lawsuits in Oklahoma. Frankly, your "Final Settlement Offer" and the overt threats therein may be the most outrageous and over-the-top communication I've seen from a litigant. It is also entirely unhelpful to your cause. If you would like to discuss our Motion to Dismiss or the case generally, I'm happy to engage with you. However, if you insist on

continuing your efforts to intimidate and/or extort Mr. Edler, our firm, or our client, I think it would be best to let Judge Heaton handle the matter.

Thank you.

Unfortunately, Mr. Boyer's email was unsuccessful in de-escalating the situation. Less than an hour later, Mr. Trupia responded, "Pshshhh let's go dude. I prepared until I was bleeding. I've been threatened a hundred times by crap lawyers already, which is half the reason I have no patience for you all." *See* A. Trupia Chain of Emails, attached as Exhibit 4. Mr. Trupia immediately followed up a minute later, and then again about an hour after that, saying, "There's one last issue I want you to think deeply about before you go to sleep tonight and we start a brand new day tomorrow." *Id.* Mr. Trupia concluded his email with this obvious threat:

> You are incompetent, and you will not practice law in this city much longer. I live here now. You better share all these communications with Mark, I will if you won't if you try to cover for your mistakes here. I'm not an attorney, I'm not bound by your rules."

*Id.*

For obvious reasons, Defendant's counsel has not responded since Mr. Boyer's email, set forth above. However, Mr. Trupia's outrageous and threatening conduct has continued occur and escalate. On June 3, 2025, Mr. Trupia sent an email entitled, "The Rainbow of Pain – Part I." *See* A. Trupia Email, attached as Exhibit 5. Among other things, Mr. Trupia described himself as "basically the John Wick of pro se litigants" following a previous court experience that left him "unemployed, evicted from my home, dumped by my girlfriend, and homeless for a short period." *Id.* He further described himself as "like

a rabid dog who escalates every issue he's involved in, he lives right here in our city, and we never want to deal with him again." *Id.*

In short, Mr. Trupia's conduct is egregious, deeply concerning, and wholly inappropriate for matters pending before this Court, not to mention totally unlawful. Accordingly, Defendant respectfully requests this Court immediately intervene for the safety/protection of all parties and the integrity of the legal process in this Court.

## LEGAL AUTHORITY

This Court possesses "certain inherent powers, not conferred by rule or statute, to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)) (internal quotations omitted). "That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)) (internal quotations omitted). Prior to imposing sanctions for "litigation misconduct, the district court must make a finding of bad faith[.]" *REXA, Inc. v. Chester*, 42 F.4th 652 (7th Cir. 2022) (citation omitted). Once a finding of bad faith is "properly made, district courts have inherent authority" to impose appropriate sanctions. *Id.* (citing *Chambers*, 501 U.S. at 55).

Plaintiff's conduct, as reflected in the various communications to Defendant's counsel, reveals a troubling *modus operandi* and dangerous level of aggression. Plaintiff has gone well beyond any semblance of aggressive, yet good faith settlement communications concerning a legal matter. In fact, Plaintiff's communications to Defendant's counsel are wholly divorced from the merits of this matter. Instead, Plaintiff

has resorted to bald intimidation and direct threats against individual attorneys, HB Law, and Defendant. While it may be easy to dismiss Plaintiff's threats as embellished, over-the-top, or likely harmless, that's not a qualitative assessment any litigant should have to make. To be sure, Plaintiff's direct references to his physical proximity to Defendant's counsel are deeply unsettling and wildly inappropriate.

Plaintiff's conduct is unquestionably undertaken in bad faith. The purported basis for his "Rainbow of Pain" campaign was a simple clerical oversight, which was corrected and communicated to Plaintiff immediately. Of course, the actual filings that were provided to Plaintiff (as opposed to the information automatically generated via PACER) reflected Mr. Edler's current and correct employment information. In other words, Mr. Edler's outdated PACER credentials are simply a ruse for Plaintiff's attempt to extort Defendant and/or Defendant's counsel. This conduct should not be tolerated from any litigant in this Court—*pro se* or otherwise.

## CONCLUSION

Defendant defers to the Court's wisdom in assessing the appropriate sanction, but the goals of this Motion are straightforward:

1. Prevent the unnecessary use of party and Court resources on matter that do not advance the merits of this action.

2. Immediately stop Plaintiff's campaign of threats/intimidation against Defendant and Defendant's counsel.

3. Prohibit Plaintiff from following through on his threats to publish false, defamatory information concerning Defendant and/or Defendant's counsel.

4.  Admonish Plaintiff that further threats against Defendant or Defendant's counsel, or unlawfully undertaking the actions threatened against Defendant or Defendant's counsel, will be addressed firmly and swiftly by this Court via its inherent authority.

WHEREFORE Defendant respectfully requests an Order from this Court consistent with the relief set forth above.

Respectfully submitted,


___*s/ Jared R. Boyer*_____
Rodney K. Hunsinger, OBA #19839
Jared R. Boyer, OBA #30495
Evan Edler, OBA #34269
HB Law Partners, PLLC
4217 28th Ave. NW, Suite 101
Norman, OK 73069
(405) 561-2410
(405) 563-9085 (fax)
Rodney@hblawpartners.com
Jared@hblawpartners.com
evan@hblawpartners.com
***ATTORNEYS FOR DEFENDANT***

## **CERTIFICATE OF SERVICE**

This is to certify that on this 3rd day of June, 2025, a true and correct copy of the

above and foregoing document was mailed and/or emailed to:

Anthony Trupia
605 SE 21st St
Oklahoma City, OK 73129
trupiaar@gmail.com