**Gmail**

Rachel McDanel <rachel@hblawpartners.com>

## The Rainbow of Pain - Part I

**T T** <trupiaar@gmail.com>      Tue, Jun 3, 2025 at 1:39 PM
To: Jared@hblawpartners.com, rodney@hblawpartners.com, rachel@hblawpartners.com, rachelj@hblawpartners.com, rachelm@hblawpartners.com, racheljordan@hblawpartners.com, rachelmcdanel@hblawpartners.com

You should start with "Combined Email Notice" to understand all these docs.

Anthony Trupia
516-984-0142
Trupiaar@gmail.com

---

**7 attachments**

 **NOTICE OF INTENT TO SEEK SANCTIONS - Motion to Dismiss.docx**
20K

 **Motion for Extension of Time.docx**
18K

 **General Authorities Complaint.docx**
18K

 **50-SAG Demand Letter.docx**
17K

 **50-SAG Rico Suit.docx**
20K

**NOTICE OF INTENT TO SEEK SANCTIONS - Removal.docx**
169K

**Combined Email Notice.docx**
97K

EXHIBIT 5

To the Attorneys General of the 50 States

Anti-Robocall Multistate Litigation Task Force

**Demand for Immediate Action Regarding Oklahoma AG Gentner Drummond's Corruption and Intimidation in Case No. 5:25-cv-00568-233**

Dear Attorneys General,

I demand immediate action to address the corruption and intimidation by Oklahoma Attorney General Gentner Drummond's associates in my federal lawsuit (Case No. 5:25-cv-00568-233, Western District of Oklahoma) against Bob Moore Auto Group for two illegal robocall texts. Evan J. Edler, representing the defendant, listed "Office of the State Attorney General" on PACER, despite claiming to have left the OAG four months prior, asserting it was a "mistake." Jared Boyer, Edler's partner, then threatened me with criminal prosecution for extortion/intimidation unless I reduced settlement demands, contradicting assurances of no improper SAG authority. These actions, tied to Patrick Mark Moore's maximum donations to Drummond, confirm favoritism and chill my litigation efforts. Your failure to act will force me to sue the entire Task Force, handing TCPA offenders a corruption defense.

For ten years, I've filed over 700 complaints with your offices, detailing TCPA violations—unsolicited robocalls, spoofed IDs, no opt-outs—with evidence like screenshots and phone records. None of you have prosecuted these offenders, despite your Task Force's mission. Meanwhile, Drummond's associates defend Bob Moore Auto Group, owned by a donor who's funneled at least $5,800 to Drummond, bypassing standard procedures. The SAG title "mistake" intimidated me, causing distress and extensive responsive work, while Boyer's threats confirm ongoing misuse of SAG authority, violating my rights and public trust.

Your Task Force targets non-donors like Avid Telecom while ignoring donor violators. If you let this slide, every robocall scammer will claim corruption to dodge liability. My complaints could yield millions in penalties, yet your inaction shields the connected.

Demands:

- File amicus curiae briefs in Case No. 5:25-cv-00568-233, condemning the SAG title misrepresentation and Boyer's threats, and urging disqualification of Edler's firm.

- Investigate Drummond's conduct and remove him from the Task Force if he fails to act.

- Review and act on my 700+ complaints, starting with Bob Moore Auto Group, to enforce TCPA impartially.

You have 30 days to comply, or I will sue the Task Force, naming all 50 of you. Attached is a Google Drive link to my draft complaint: [Don't want you guys to have this lol]. It outlines Equal Protection, RICO, and ethics claims, backed by donation records exposing donor favoritism. I've settled TCPA cases for $15,000+ because my evidence is airtight. Fix this immediately.

Sincerely,

Anthony Trupia

Pro Se Plaintiff

605 SE 21st St.

Oklahoma City, OK 73129

Trupiaar@gmail.com

516-984-0142

Date: June 3, 2025


cc: Gentner Drummond, Oklahoma Attorney General

U.S. District Court, Western District of Oklahoma

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF OKLAHOMA**

Anthony Trupia,

Plaintiff,

v.

ANTI-ROBOCALL MULTISTATE LITIGATION          Case No. _____

TASK FORCE,

and its members, including but not limited

to:

GENTNER DRUMMOND, in his official and

individual capacities,

and the Attorneys General of the 50 States

and District of Columbia,

Defendants.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

**INTRODUCTION**

1.  Plaintiff, a pro se litigant with a decade-long history of combating corporate
    malfeasance, brings this action against the Anti-Robocall Multistate Litigation Task
    Force and its members for systemic failure to enforce the Telephone Consumer
    Protection Act (TCPA, 47 U.S.C. § 227) impartially, in violation of federal and state
    law.

2.  Plaintiff has filed over 700 complaints with state Attorneys General, including
    detailed TCPA violations with material evidence, yet Defendants have taken no
    significant enforcement action, undermining public trust.

3.  In Plaintiff's pending lawsuit, Case No. 5:25-cv-00568-233, an attorney representing Bob Moore Auto Group, Evan J. Edler, listed "Office of the State Attorney General" as his affiliation on PACER, despite claiming to have left the Oklahoma Attorney General's (OAG) office four months prior, asserting it was a "mistake." This misrepresentation, intentional or not, intimidated Plaintiff, causing significant distress and prompting extensive responsive actions.

4.  Compounding this, Jared Boyer, a partner at Edler's firm, threatened Plaintiff with criminal prosecution for extortion and intimidation unless Plaintiff reduced settlement demands and ceased pursuing accountability, contradicting assurances that no improper SAG authority was wielded.

5.  These actions, alongside political donations from Patrick Mark Moore, owner of Bob Moore Auto Group, to Oklahoma Attorney General Gentner Drummond, suggest corruption and favoritism, as Moore's donations align with lenient treatment of his 20+ dealerships.

6.  Plaintiff alleges the Task Force selectively enforces TCPA against non-donors while shielding donors, violating equal protection, due process, and public trust, and seeks declaratory, injunctive, and monetary relief.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) for claims under 42 U.S.C. § 1983, 18 U.S.C. § 1961 (RICO), and 28 U.S.C. § 2201 (declaratory relief), and supplemental jurisdiction under 28 U.S.C. § 1367 for state claims.

8. Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the events occurred in this district, including the misrepresentation in Case No. 5:25-cv-00568-233.

## PARTIES

9. Plaintiff is a resident of Oklahoma, a pro se litigant who has filed over 700 complaints against corporations for TCPA violations and other malfeasance, with no resulting enforcement.

10. Defendant Anti-Robocall Multistate Litigation Task Force is a coalition of 51 Attorneys General, including Gentner Drummond, formed to combat illegal robocalls.

11. Defendant Gentner Drummond is the Oklahoma Attorney General, sued in his official capacity for Task Force actions and individual capacity for enabling donor favoritism.

12. Defendants include the Attorneys General of the 50 States and District of Columbia, in their official capacities as Task Force members.

## FACTUAL ALLEGATIONS

13. Since 2015, Plaintiff has filed over 700 complaints with state Attorneys General, including Oklahoma, detailing TCPA violations (e.g., unsolicited robocalls, spoofed caller IDs, no opt-outs) with evidence such as screenshots, phone records, and consent denials.

14. Despite the Task Force's formation in 2022 to enforce TCPA and state telemarketing laws, no Defendant has pursued legal action against Plaintiff's reported offenders.

15. In Case No. 5:25-cv-00568-233, Plaintiff sued Bob Moore Auto Group for two unsolicited robocall texts sent by an AI assistant ("Amber") on December 16, 2024, and March 5, 2025, violating TCPA's autodialer, consent, and caller ID rules.

16. Evan J. Edler, representing Bob Moore Auto Group, listed "Office of the State Attorney General" on his PACER account, despite claiming to have left the OAG four months earlier. Edler asserted this was a "mistake" but failed to explain the delay in correcting it, intimidating Plaintiff and triggering extensive research, complaints, and public disclosures.

17. Plaintiff, fearing corruption due to Patrick Mark Moore's maximum donations to Drummond (at least $5,800 per Oklahoma Ethics Commission records), contacted numerous Oklahoma agencies, including the Governor's Office, which requested Plaintiff's materials due to the impropriety of SAG representation of a private defendant.

18. Jared Boyer, Edler's partner, emailed Plaintiff, assuring the SAG title was a mistake and denying improper ties to the OAG, but then threatened criminal prosecution for extortion/intimidation unless Plaintiff lowered settlement demands and ceased accountability efforts, contradicting the "mistake" claim and suggesting ongoing misuse of SAG authority.

19. These actions caused Plaintiff severe distress, including health impacts (e.g., blood in

stool from excessive coffee consumption during research), and chilled Plaintiff's litigation efforts.

20. Task Force actions, such as lawsuits against Avid Telecom (2023) and warnings to KWK Communications (2024), target non-donors, while donor-affiliated violators like Bob Moore Auto Group face no action, per Plaintiff's observations.

21. Drummond's political conflicts with Oklahoma officials (e.g., Governor Stitt, TSET board) highlight his vulnerability to ethics scrutiny, amplifying the need for accountability.

22. Plaintiff's complaints, if enforced, could yield millions in TCPA penalties, yet Defendants' inaction deprives Plaintiff of equal protection and due process.

## DONOR RECORDS

23. Oklahoma Ethics Commission filings confirm Patrick Mark Moore's maximum contributions to Drummond, totaling at least $5,800, with a pattern of exclusive support for Oklahoma AG candidates, suggesting influence over lenient treatment of his dealerships.

## CAUSES OF ACTION

### Count 1: Equal Protection Violation (42 U.S.C. § 1983)

24. Defendants, acting under color of state law, violated Plaintiff's 14th Amendment right to equal protection by selectively enforcing TCPA laws, prosecuting non-donors while shielding donors like Bob Moore Auto Group, without a rational basis.

25. The SAG title misrepresentation and Boyer's threats demonstrate intentional intimidation to favor a donor, causing harm (e.g., unredressed robocalls, litigation costs, distress).

26. Plaintiff seeks injunctive relief (end selective enforcement), declaratory relief, and damages.

### Count 2: Due Process Violation (42 U.S.C. § 1983)

27. Defendants violated Plaintiff's 14th Amendment procedural due process rights by bypassing standard complaint procedures for Plaintiff's 700+ complaints, while Drummond's associates favored a donor through intimidation.

28. This deprived Plaintiff of a fair opportunity to seek TCPA enforcement, causing harm.

29. Plaintiff seeks injunctive relief (mandate complaint investigations), declaratory relief, and damages.

### Count 3: Civil RICO Violation (18 U.S.C. § 1961 et seq.)

30. Defendants, as an enterprise, engaged in a pattern of racketeering activity by selectively enforcing TCPA laws to protect donors, with predicate acts including fraud (SAG title misrepresentation) and obstruction of justice (Boyer's threats).

31. These acts harmed Plaintiff's property (e.g., litigation costs, unrecovered damages) and chilled litigation efforts.

32. Plaintiff seeks treble damages, injunctive relief, and declaratory relief.

### Count 4: Oklahoma Ethics Rules Violation (2022 Okla. Stat. tit. 74E, Rule 4.4, Misuse of Office; Rule 4.5, Misuse of Authority)

33. Drummond enabled misuse of his office's authority through Edler's SAG title misrepresentation and Boyer's threats, violating Rules 4.4 (personal gain) and 4.5 (misuse of authority), undermining public trust.

34. Task Force members failed to address this conduct, enabling ethical breaches.

35. Plaintiff seeks declaratory relief and referral to the Oklahoma Ethics Commission.

### Count 5: Abuse of Power/Public Corruption (Oklahoma Common Law)

36. Drummond's associates misused authority by leveraging the SAG title and threatening criminal prosecution, favoring a private donor, violating public trust.

37. Plaintiff seeks injunctive relief (bar donor favoritism), declaratory relief, and damages.

### Count 6: Civil Conspiracy (Federal and Oklahoma Law)

38. Drummond, Edler, and Boyer conspired to shield donor violators, including Bob Moore Auto Group, from TCPA liability through intimidation and misrepresentation, harming Plaintiff.

39. Plaintiff seeks damages and injunctive relief.

**Count 7: Declaratory Judgment (28 U.S.C. § 2201; 12 O.S. § 1651)**

40. Plaintiff seeks a declaration that Defendants' selective enforcement, misrepresentation, and intimidation are unconstitutional and violate state law, tainting Task Force prosecutions.

41. This controversy is ripe due to ongoing harm and public interest.

**Count 8: Mandamus Action (12 O.S. § 1451)**

42. Defendants have a ministerial duty to investigate Plaintiff's TCPA complaints impartially, which they failed to perform, favoring donors instead.

43. Plaintiff seeks a writ of mandamus compelling Task Force members to investigate and act on Plaintiff's complaints.

PRAYER FOR RELIEF

Plaintiff requests:

a. Declaratory judgment that Defendants' actions violate the 14th Amendment, RICO, Oklahoma Ethics Rules, and state law.

b. Injunctive relief barring selective enforcement, misrepresentation, and intimidation, and mandating investigation of Plaintiff's complaints.

c. Compensatory damages for litigation costs, distress, and unredressed TCPA violations.

d. Treble damages under RICO.

e. Attorneys' fees and costs (if counsel is retained).

f. Other relief as the Court deems just.

VERIFICATION

I, Anthony Trupia, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Date: June 3rd, 2025

_____

Jared@hblawpartners.com, rodney@hblawpartners.com, rachel@hblawpartners.com, rachelj@hblawpartners.com, rachelm@hblawpartners.com, racheljordan@hblawpartners.com, rachelmcdanel@hblawpartners.com

I'm informing the rest of you what has transpired over the last few days so nobody can claim they didn't know what happened here. Each of you, as partners, share responsibility for the legal actions of your firm. You should forward this to any partners like the two Rachels who may not have received this email.

1. Your attorney, who hasn't been with the SAG's office for *4 months,* still wields the title "Office of the State Attorney General" on PACER. He does not correct this *mistake* until after there are posts about it across social media (including directly to SAG Drummond) and emails flying out to government offices complaining, i.e. after he is caught.

2. I have the equivalent of a panic attack when I see this, I instantly research records and find your client has a pattern of making maximum donations to State Attorneys General, maximum donations to no other parties, and few other donations in general, so I have very good reason to believe I'm targeted by corrupt SAG's office and network.

3. I spend 3 days stuffed full of coffee researching law, preparing motions, complaints to authorities, speaking to professionals, authorities, contacting the governor's office, making an incredible claim, that the SAG is representing a Robocaller, and your associate tells me after all this 'Nah my bad. I should have stopped using the power of this awesome moniker months ago, but I forgot.'

4. Your law firm at this point has basically taken a small issue, two robocalls, and escalated it 100x over by inappropriately wielding the authority of the State Attorney General office, due to either corruption or incompetence, to intimidate me into a low settlement... Your firm made the central problem with this suit the matter of improper use of authority, not me...

5. Jared contacts me. Instead of taking a 100% conciliatory tone, which is the only appropriate tone no matter how angry I am about all this, because I have been pooping blood working at maximum human speed to address all this, Jared *__threatens me,__* and explicitly mentions criminal charges: "intimidation/extortion." This is an incredible statement to make at this juncture for a number of reasons:

    a. In a single breath, two paragraphs, Jared goes from claiming there is no improper relationship between you, your client, and the State Attorney General office, to threatening criminal prosecution, "intimidation/extortion," if I insist on "continuing my efforts." That's wild because only a state attorney could bring charges like this..

b.  Very explicitly, the demand is that I lower my "outrageous" Final Settlement Offer and attacks to a level *your firm* thinks is more reasonable, if I do not want to have 'Judge Heaton handling the matter of my "intimidation/extortion." If this is not enough to get prove the 'plausibility' of my claims about improper influence at the minimum in the many legal battles we are going to have, I don't know what it will be. It's certainly going to be enough for the many, many state actors SAG Drummond has picked fights with. The aid I spoke with at the Governor's office came back to the phone very excited when she told me to mail everything over.

c.  Jared's actions have made this beyond concrete. Just one of the many, many legal and ethics violations is using the "office or title or authority" associated with the State Attorney General office. You confirmed all 3 in 2 emails. Now I'm contacting the SAG office to dot my I's and cross my T's, demanding they prosecute you, and filing a fresh suit the moment they fail to do so.

**2024 Oklahoma Statutes**
**Title 74E. Ethics Rules**
**Rule 4.5. Misuse of Authority.**

‹ Previous                                                                                     Next ›

A state officer or employee shall not use or permit the use of his or her office or title or any authority associated with his or her state office, or a state office to which he or she has been elected, in a manner that is intended to coerce or induce another person, including a subordinate, to provide any benefit, financial or otherwise, to himself or herself or to his or her family members or persons with whom the state officer or employee is affiliated in a nongovernmental capacity, except to the extent otherwise permitted or authorized by the Constitution or statutes or by these Rules.

Promulgated by Ethics Commission January 10, 2014; effective upon Legislature's sine die adjournment May 23, 2014; operative January 1, 2015.

‹ Previous                                                                                     Next ›

You as attorneys would never let go of any mistake that I make. It's literally a peak level of insanity to threaten me for responding to this insane scenario you have created with your 'mistakes.' This is your 'mistake,' if that's even what this was, which I now doubt fully, and you all are going to own it.

You wanted to claim this was all just a 'misunderstanding' and that I should let it go, so I'm going to offer you some Pro Tips for dealing with pro se litigants in the future in case any of you manage to keep your licenses:

1.  YOU DO NOT, UNDER ANY CIRCUMSTANCES, FILE A MOTION TO DISMISS. You file a 12(e) Motion for a More Definite Statement.
    a.  By the time a pro se litigant files a lawsuit, they are already PISSED. They are not going away over a technical dismissal. Even when it appears that way, they often find different methods to obtain justice, like crying to newspapers, across social

media, and other means. You accomplish *nothing* but billing your client in this scenario with a MtD.

b. You are sending a message to non-lawyers when you file a MtD, and that message is "You don't belong here in your own courts. We own this house. Your complaints will not even be heard." This was my assumption the first time I received a 12(b). I now know you all do this to each other as well, because you're all feasting off billing. I have serious, serious grievances about the way pleading and 12(b) are handled, it makes it practically impossible for normal people to use their own court system while you all make out hand over fist living in fancy houses driving fancy cars. More than anything, I've done the reading, from Galanter to Marcus, and I know other real legal scholars see the same problems with plausibility pleading I do. So, I have now come across the spectrum from feeling like pleading is an unfair rigged game, to giving it a fair shot, to fully understanding it *is* a rigged game for your profession.

c. As far as I'm concerned, Twombly/Iqbal are such absurd rulings anyone who wastes my time with a Motion to Dismiss, to remove me from my own court, gets the fully monty, the kitchen sink, zero mercy, zero understanding, and zero lenience. The only things you achieved with this motion were pissing me off and billing your client, we both know dismissals with prejudice are incredibly rare. You should have filed a Motion for a More Definite Statement.

2. You do not file a federal removal without good cause.

a. This, just, like the MtD, is simply dilatory technical sparring. The value you receive from this does not match the fury you generate in the opposing layman litigant for not even being able to choose their own court.

b. This case is a perfect example of how absurdly you're all abusing federal removal/federal question. The TCPA explicitly states in the bill it is designed to be used in state court, and all the other causes of action here are non-federal. If there is literally *any set of causes of action that include a federal cause that should stay in state court, it's TCPA claims.* You gloss right over the stated design of the bill, the text of the bill, when you file and certify your removal. I don't care if this is common, it only happens because two lawyers on each side are gleefully feasting on billing. It is unacceptable to me that as master of the complaint, I cannot even keep my claims in state court.

3. You do not ask for a damned thing if you violated these first two rules. Nothing. No lenience, no understanding, no unjustified requests for extensions of time, NOTHING. You plan for war, because that is what you have chosen with any pro se litigant in these scenarios where you tell them they are not good enough to use their own courts.

You're digging a very deep hole for everyone involved here and it will soon be impossible for any of you to climb out of it. This is a classic sunken cost fallacy scenario. The misplays here are incredible, and would be problematic with literally any pro se litigant, let alone me. I am not your typical pro se litigant. Read some Galanter, he's great. I've been operating like a "Repeat Player," with long term goals and plans, for years. Your firm doesn't do this yet, you are still representing one-shotters. All of this is more important to me than any single case. I *never* surrender over a loss, only double down. The government, the courts, and the authorities ruined my life in 2020. I was a perfect, hardworking citizen, working two jobs, and the complete un-usability of the court system for normal people ruined my life when all I asked for was a call from my county to my landlord explaining they had harassed the wrong guy, and had no problems with me. They spent thousands of dollars of county money fighting with me to get me unemployed, evicted from my home, dumped by my girlfriend, and homeless for a short period. I am now basically the John Wick of pro se litigants because of this. I live in an 800 sq ft. house, with no bills, I don't go anywhere, I don't do anything fun, I'm just in front of a computer every day studying law and busting balls. I'm in front of 3 computer screens, with multiple AI programs pouring over data and drafting documents like the Tony Stark of Pro Se law. Every corporate actor and government actor I deal with must adhere to the letter and spirit of the law now, no excuses. I don't know how to be more clear: you're dealing with a complete asshole here.

If you had done your job and researched me *before* taking your entire 20 days to respond, you would have been easily able to review everything I've been up to, which is all over google and twitter and to turn around and tell your client: "This is not a good idea. This guy is like a rabid dog who escalates every issue he's involved in, he lives right here in our city, and we never want to deal with him again. You're making great money with this robocall service, let's just pay and run." You didn't do this though, it's just another way you have been completely incompetent representing your client.

So attached to this letter are all the many, many complaints and legal notices going out today. Not a single one of you partners will be able to claim you did not know what Evan and Jared did here, or that you acted appropriately in response. Start burning through your client's money, review these documents thoroughly, because you are going to be defending your choices here to at least 100 different state and federal agencies, including all fifty state attorneys general, whom I'm now going to sue over this if they do not provide Amicus briefs for this case. Every notice from me here on out will come with a receipt for my last promise, and a new promise of pain. It's going to take me the rest of the day to label all the certified mail going out, even with the labels printed, so I will email you the certified mail receipt tomorrow when I return from the Post Office. I am however emailing the Governor's office immediately, as Drummond's political sparring with him will work in my favor here.

Also, I am requesting a significant extension of time. You should probably agree to it. Attached is a draft of the motion I will file if you do not agree.

Attachments:

50-SAG Demand Letter.docx
50-SAG Rico Suit.docx
General Authorities Complaint.docx
Motion for Extension of Time.docx
NOTICE OF INTENT TO SEEK SANCTIONS - Motion to Dismiss.docx
NOTICE OF INTENT TO SEEK SANCTIONS - Removal.docx

Not attached: The notices to the OK SAG Office and the Governor's Office.

Relevant Social Media Posts:

https://x.com/short_straw/status/1929738538050113813

Oklahoma Ethics Commission

Oklahoma Bar Association

U.S. Department of Justice, Public Integrity Section

Federal Communications Commission, Consumer Complaint Center

Oklahoma State Auditor and Inspector

Oklahoma Legislature, House and Senate Ethics Committees

Oklahoma County District Attorney

Oklahoma Supreme Court

U.S. Attorney's Office, Western District of Oklahoma

Federal Trade Commission

Oklahoma Council on Judicial Complaints

Oklahoma State Bureau of Investigation

Oklahoma Multicounty Grand Jury

Oklahoma Governor's Office

Oklahoma State Election Board

American Bar Association

National Association of Attorneys General

The Oklahoman

KFOR News

Public Citizen

Consumer Reports

Oklahoma United

Common Cause Oklahoma

**Subject: Complaint and Request for Investigation into Illegal and Unethical Conduct by Oklahoma AG Gentner Drummond and Associates in Case No. 5:25-cv-00568-233**

To Whom It May Concern,

I request your investigation into the illegal and unethical conduct of Oklahoma Attorney General Gentner Drummond and his associates, Evan J. Edler and Jared Boyer, in my federal lawsuit, Case No. 5:25-cv-00568-233 (W.D. Okla.), against Bob Moore Auto Group

for TCPA violations. Edler listed "Office of the State Attorney General" on PACER, despite claiming to have left the OAG four months prior, asserting a "mistake." Boyer then threatened me with criminal prosecution for extortion/intimidation unless I reduced settlement demands, contradicting assurances of no improper SAG authority. These actions, tied to Patrick Mark Moore's donations to Drummond, suggest corruption, intimidation, and misuse of authority, violating state and federal laws. As a pro se litigant with 700+ TCPA complaints ignored, I seek your assistance to restore justice.

## Factual Background

For ten years, I've submitted over 700 complaints to state Attorneys General, including Oklahoma, documenting TCPA violations (e.g., unsolicited robocalls, spoofed IDs, no opt-outs) with evidence like screenshots and phone records, yet no enforcement followed. In Case No. 5:25-cv-00568-233, I sued Bob Moore Auto Group for two unsolicited robocall texts sent by an AI assistant ("Amber") on December 16, 2024, and March 5, 2025, violating TCPA (47 U.S.C. § 227(b)(1)(A), (e)).

Edler, representing the defendant, listed "Office of the State Attorney General" on PACER, intimidating me into fearing corrupt targeting by the OAG. After I raised alarms, Edler claimed it was a "mistake," uncorrected for four months. Boyer assured no improper SAG ties, then threatened criminal prosecution if I didn't lower demands, confirming misuse of SAG authority. Patrick Mark Moore, the defendant's owner, donated at least $5,800 to Drummond, per Oklahoma Ethics Commission records, suggesting favoritism. The Governor's Office requested my materials, noting the impropriety of SAG representation. These actions caused me distress, health issues, and chilled my litigation efforts.

## Legal and Ethical Violations

- Misuse of Office and Authority (2022 Okla. Stat. tit. 74E, Rule 4.4, 4.5)
  Edler's SAG title misrepresentation and Boyer's threats constitute misuse of office (Rule 4.4) and authority (Rule 4.5), undermining impartiality. See In re Murchison, 349 U.S. 133 (1955).

- Abuse of Power (74 O.S. § 18b; Oklahoma Common Law)

  Leveraging SAG authority to intimidate exceeds Drummond's statutory role (74 O.S. § 18b). See State ex rel. Nesbitt v. Ford, 434 P.2d 934 (Okla. 1967).

- Equal Protection Violation (42 U.S.C. § 1983)

  Selective enforcement favoring donors violates equal protection. Yick Wo v. Hopkins, 118 U.S. 356 (1886).

- Due Process Violation (42 U.S.C. § 1983)

  Bypassing complaint procedures and intimidating Plaintiff denies due process. Mathews v. Eldridge, 424 U.S. 319 (1976).

- TCPA Enforcement Failure (47 U.S.C. § 227(g))

  Drummond's inaction on my complaints, while associates defend a violator, violates TCPA duties. Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368 (2012).

- Intimidation/Extortion (18 U.S.C. § 875; 21 O.S. § 1488)

  Boyer's criminal prosecution threats in a civil matter constitute intimidation, improper for civil attorneys. See United States v. Tobins, 155 F.3d 636 (1st Cir. 1998).

- Ethical Misconduct (5 O.S. Ch. 1, App. 3-A, Rules 1.7, 8.4)

  Conflicts of interest and misconduct via intimidation violate Oklahoma Rules of Professional Conduct. In re Reinstatement of Fraley, 2005 OK 39.

### Request for Investigation and Assistance

- Investigate Drummond, Edler, and Boyer's conduct, focusing on SAG title misrepresentation, intimidation, and donor ties.

- Review Task Force selective enforcement practices.

- Pursue sanctions, ethics referrals, or criminal investigations (e.g., 18 U.S.C. § 875; 21 O.S. § 1488).

- File amicus briefs in Case No. 5:25-cv-00568-233 to disqualify Edler's firm.

- Recommend reforms for impartial TCPA enforcement.

**Supporting Evidence**

- PACER filings showing Edler's SAG title.

- Boyer's email with threats (available upon request).

- Oklahoma Ethics Commission records of Moore's donations.

- Plaintiff's 700+ TCPA complaints.

- Task Force actions against non-donors (e.g., Avid Telecom, May 23, 2023).

**Conclusion**

Drummond's associates' actions violate Ethics Rules, Equal Protection, Due Process, and TCPA duties, undermining public trust. I urge your prompt investigation and action within 30 days. Please contact me asap.

Sincerely,

Anthony Trupia

Pro Se Plaintiff

605 SE 21st St.

Oklahoma City, OK 73129

Trupiaar@gmail.com

516-984-0142

Date: June 3, 2025

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF OKLAHOMA**

Anthony Trupia,

Plaintiff,

v.                                              Case No. 5:25-cv-00568-233

BOB MOORE AUTO GROUP,

Defendant.

**MOTION FOR EXTENSION OF TIME**

COMES NOW, Plaintiff Anthony Trupia, proceeding pro se, and respectfully moves this Court for a 40-day extension of time to respond to any pending filings, including but not limited to Defendant's Motion to Dismiss and Defendant's Removal to Federal District Court, pursuant to Federal Rule of Civil Procedure 6(b)(1)(A). Plaintiff submits this request in good faith due to extraordinary circumstances necessitating additional time for a fair response.

**Grounds for Extension**

1. Pro Se Status and Need for Leniency

   As a pro se litigant, Plaintiff lacks legal training and resources, requiring extra time to draft compliant responses. Haines v. Kerner, 404 U.S. 519, 520 (1972); Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

2. Intimidation by Defendant's Counsel

   Evan J. Edler listed "Office of the State Attorney General" on PACER, despite claiming to have left the OAG four months prior, asserting a "mistake." This intimidated Plaintiff, prompting extensive research and complaints. Jared Boyer then threatened criminal prosecution for extortion/intimidation unless Plaintiff

reduced settlement demands, chilling litigation efforts and requiring time to address potential corruption. See In re Murchison, 349 U.S. 133, 136 (1955).

3.    Need to Investigate Donor Ties and Misconduct

Patrick Mark Moore's maximum donations to Gentner Drummond (at least $5,800) suggest favoritism. Plaintiff is submitting Oklahoma Open Records Act requests (51 O.S. § 24A.1 et seq.) for OAG communications, consumer complaints, and financial records (2015–2025), which may be delayed. United States v. Seltzer, 595 F.3d 1170, 1175 (10th Cir. 2010).

4.    Contacting Agencies and Seeking Counsel

Plaintiff is contacting agencies (e.g., Oklahoma Ethics Commission, DOJ) to report misconduct and seeking out-of-state class action counsel due to fears of local attorney retaliation. This process is time-intensive. McNeil v. United States, 508 U.S. 106, 113 (1993).

5.    Complexity and Public Interest

The case involves novel TCPA issues (AI robocalls) and misconduct by Drummond's associates, requiring thorough responses. The public interest justifies a 40-day extension. Ahmad v. Furlong, 435 F.3d 1196, 1202 (10th Cir. 2006).

6.    No Prejudice to Defendant

The case is early, with no trial date set. Defendant, represented by a well-resourced firm, faces no undue burden, while denying the extension would harm Plaintiff. Rachel v. Troutt, 820 F.3d 390, 394 (10th Cir. 2016).

**Conclusion**

Plaintiff requests a 40-day extension to respond to pending filings, from the current deadline, to address intimidation, investigate corruption, contact agencies, seek counsel, and ensure justice in this TCPA matter.

WHEREFORE, Plaintiff prays the Court grant the motion and extend the deadline by 40 days, and for other relief as deemed just.

Respectfully submitted,

Anthony Trupia

Pro Se Plaintiff

605 SE 21st St.

Oklahoma City, OK 73129

Trupiaar@gmail.com

516-984-0142

Date: June 3, 2025

Notice of Intent to Seek Sanctions

**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

ANTHONY TRUPIA,

Plaintiff,

v.

BOB MOORE ENTERPRISES, L.L.C.,

Defendant.

Case No. 5:25-CV-00568-HE

(Removed from Oklahoma County Case No. CJ-2025-2993)

**NOTICE OF INTENT TO SEEK SANCTIONS PURSUANT TO FED. R. CIV. P. 11(c)(2)**

TO: Rodney K. Hunsinger and Evan A. Edler, HB LAW PARTNERS, PLLC, Counsel for Defendant

TAKE NOTICE that Plaintiff Anthony Trupia, pro se, pursuant to Federal Rule of Civil Procedure 11(c)(2), hereby demands that you immediately withdraw your frivolous Motion to Dismiss (Doc. 4, filed May 28, 2025) within 21 days of service of this Notice. Failure to comply will compel Plaintiff to file a motion for sanctions under FRCP 11(c), seeking monetary and nonmonetary penalties, including attorney's fees, costs, and an order striking the motion, for your egregious violation of Rule 11(b). Your motion advances baseless legal arguments, misrepresents facts, and perpetuates a shocking conflict of interest, as counsel—affiliated with the Oklahoma State Attorney General's office— defends a robocall violator while the State publicly crusades against such conduct. This Notice exposes your motion's absurdity and demands accountability for abusing the judicial process to shield Defendant's predatory practices.

I. **Basis for Sanctions Under FRCP 11**

FRCP 11(b) mandates that attorneys certify their filings are: (1) not presented for improper purposes, such as harassment or delay; (2) warranted by existing law or a nonfrivolous argument for extending law; and (3) supported by evidence or likely to have evidentiary support after discovery. Violations warrant sanctions, including when counsel pursues "legally groundless" arguments or misrepresents facts. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). Your Motion to Dismiss violates these standards by:

- Advancing frivolous legal arguments that ignore binding law and Plaintiff's well-pleaded facts.
- Falsely asserting Plaintiff consented to robocalls and that Defendant's actions are exempt, despite clear evidence to the contrary (Compl. ¶¶ 5, 10).
- Perpetuating a grotesque conflict of interest, as the State Attorney General's office—publicly committed to eradicating robocalls—defends a robocall perpetrator, undermining public trust and judicial integrity.

This Notice details these violations and demands retraction to avoid sanctions, which Plaintiff will pursue with unrelenting vigor.

II. **The Motion's Frivolous Legal Arguments**

Your motion's arguments are legally baseless, misapplying precedent and ignoring Plaintiff's allegations, which must be accepted as true at this stage. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A. **Counts I and V (TCPA and OTSA – ATDS Use)**

You claim Plaintiff's autodialer allegations fail under Facebook, Inc. v. Duguid, 592 U.S. 395 (2021), because the Complaint does not specify random or sequential number generation (Mot. at 4-5). This is a deliberate distortion. Plaintiff alleges Defendant used an "AI virtual assistant" to send "generic, automated" texts without consent (Compl. ¶ 11), sufficient to plead ATDS use at this stage. Cordoba v. DIRECTV, LLC, 942 F.3d 1259, 1267 (11th Cir. 2019) (technical details resolved in discovery). Your reliance on Duguid is premature, as discovery is needed to confirm the AI system's capabilities. Montin v. JJRE, LLC, 2021 WL 5173209, at *3 (D. Neb. Nov. 8, 2021).

For OTSA (Count V), your assertion that Defendant is exempt under 15 O.S. § 775C.5(1), (3), and (20) is laughable. OTSA's broader definition of "automated system" likely covers AI-driven texting, and exemptions do not apply: the texts were solicitations, not isolated (Compl. ¶¶ 8-9), involved sales pitches, and Plaintiff's one-time repair contact (Compl. ¶ 5) does not constitute an ongoing relationship. Suttles v. FB USA, LLC, 2023 WL 6394408, at *4 (W.D. Okla. Sept. 29, 2023). Your arguments defy OTSA's consumer-protective intent, rendering them frivolous. See HAPPY OTSA DAY! (Nat'l L. Rev., 2022).

B. **Counts III and IV (TCPA – Business Information and Spoofing)**

You argue no private right of action exists under 47 U.S.C. § 227(d) and (e) (Mot. at 8-10), citing Kopff v. Battaglia, 425 F. Supp. 2d 76 (D.D.C. 2006). This is a half-truth. While direct enforcement may be limited, these violations support Plaintiff's broader TCPA claims under § 227(b), which allows private suits for willful misconduct. Mims v. Arrow Fin. Servs., LLC,

565 U.S. 368, 376 (2012). Plaintiff alleges Defendant failed to provide required information and used misleading caller ID (Compl. ¶¶ 12-13), plausibly violating TCPA regulations. 47 C.F.R. § 64.1200(b)(1), § 64.1604(a). Your dismissal demand ignores this legal framework, making it groundless.

## C. **Counts VII and VIII (OTSA – Caller ID Spoofing)**

Your claim that Plaintiff's caller ID allegations lack specificity (Mot. at 5-6) is absurd. The Complaint alleges the texts omitted Defendant's contact information and used "misleading or inaccurate" caller ID (Compl. ¶¶ 12-13), sufficient under OTSA's strict liability provisions. 15 O.S. § 775C.3(B), § 775C.4(B). See The Oklahoma Telephone Solicitation Act (Lexology, 2022). Your exemption arguments (e.g., § 775C.5(20)) are inapplicable, as OTSA's caller ID rules lack such carve-outs. Demanding dismissal without discovery is a blatant attempt to evade accountability.

## D. **Count IX (Intrusion Upon Seclusion)**

Your assertion that two texts cannot constitute intrusion upon seclusion (Mot. at 14-15) is an insult to consumers drowning in robocalls. Oklahoma law recognizes the tort when intrusions are intentional, nonconsensual, and highly offensive. In re Amendments to the Oklahoma Uniform Jury Instructions, 2014 OK 100, ¶ 26. Plaintiff alleges Defendant's unsolicited texts caused annoyance and disruption (Compl. ¶¶ 14, 47-50), offensive in the context of 50 billion annual robocalls, forcing 80% of Americans to mute their phones. TIME. See Federal Court Finds Intangible Harm in TCPA Claim (Lexology, 2016). Your reliance on Munley v. ISC Financial House, Inc., 584 P.2d 1336 (Okla. 1978), is outdated, ignoring modern robocall harm. This argument is not just wrong—it's a cynical attempt to trivialize consumer suffering.

## III. **Factual Misrepresentations**

Your motion falsely claims Plaintiff consented to the texts by providing his number for a repair (Mot. at 10-11). Plaintiff explicitly denies consent (Compl. ¶ 10), and his one-time repair contact (Compl. ¶ 5) does not imply permission for marketing texts months later. Van Patten v. Vertical Fitness Grp., LLC, 847 F.3d 1037, 1044 (9th Cir. 2017). You also mischaracterize the texts as "informational" (Mot. at 11-13), despite their clear solicitation for service appointments (Compl. ¶¶ 8-9), constituting telemarketing. 47 C.F.R. § 64.1200(f)(13); Chesbro v. Best Buy Stores, L.P., 705 F.3d 913, 918 (9th Cir. 2012). These misrepresentations lack evidentiary support and violate Rule 11(b)(3).

## IV. **Outrageous Conflict of Interest**

Most egregious is your affiliation with the Oklahoma State Attorney General's office, which champions a Nationwide Anti-Robocall Task Force while defending a robocall violator. The AG's office publicly declares robocalls the "number one consumer complaint" and collaborates to "fight illegal robocalls." Oklahoma AG's Robocall Task Force. Yet, you represent a defendant accused of deploying AI-driven robocalls without consent, a direct betrayal of public trust. This conflict is not merely unethical—it's a scandalous abuse of authority, using state resources to shield a private entity's predatory conduct. Your motion's frivolous arguments appear designed to exploit this influence, harassing Plaintiff and delaying justice in violation of Rule 11(b)(1).

## V. **Demand for Retraction**

Pursuant to Rule 11(c)(2), Plaintiff demands that you withdraw the Motion to Dismiss within 21 days of service. Failure to comply will result in a motion for sanctions, seeking:

Monetary penalties to deter further frivolous filings.

Plaintiff's costs and fees, including time spent as a pro se litigant. Kay v. Ehrler, 499 U.S. 432, 435 (1991).

Nonmonetary sanctions, including striking the motion and referral to disciplinary authorities for your conflict of interest.

Your motion is a mockery of consumer protection laws and an affront to Oklahoma's anti-robocall efforts. Withdraw it now, or face the consequences of your reckless litigation tactics.

## VI. **Reservation of Rights**

Plaintiff reserves the right to seek additional sanctions under 28 U.S.C. § 1927 for vexatious litigation and to report counsel's conduct to the Oklahoma Bar Association for ethical violations, particularly given the State Attorney General's conflicting roles.

Dated: May 30, 2025

Respectfully submitted,

/s/ Anthony Trupia

Anthony Trupia

605 SE 21st St.

Oklahoma City, OK 73129

516-984-0142

trupiaar@gmail.com (mailto:trupiaar@gmail.com)

Pro Se Plaintiff

CERTIFICATE OF SERVICE

I certify that on May 30, 2025, a true and correct copy of this Notice was served via U.S. Mail and email to:

Rodney K. Hunsinger

Evan A. Edler

HB LAW PARTNERS, PLLC

4217 28th Ave. NW, Suite 101

Norman, OK 73069

rodney@hblawpartners.com (mailto:rodney@hblawpartners.com)

evan@hblawpartners.com (mailto:evan@hblawpartners.com)

/s/ Anthony Trupia

Anthony Trupia

**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

ANTHONY TRUPIA,

Plaintiff,

v.

BOB MOORE ENTERPRISES, L.L.C.,

Defendant.

Case No. 5:25-CV-00568-HE

(Removed from Oklahoma County Case No. CJ-2025-2993)

**NOTICE OF INTENT TO SEEK SANCTIONS PURSUANT TO FED. R. CIV. P. 11(c)(2) FOR IMPROPER REMOVAL**

TO: Rodney K. Hunsinger and Evan A. Edler, HB LAW PARTNERS, PLLC, Counsel for Defendant

TAKE NOTICE that Plaintiff Anthony Trupia, pro se, pursuant to Federal Rule of Civil Procedure 11(c)(2), hereby demands that you immediately withdraw your baseless Notice of Removal (Doc. 1, filed May 27, 2025) within 21 days of service of this Notice. Failure to comply will compel Plaintiff to file a motion for sanctions under FRCP 11(c), seeking monetary and nonmonetary penalties, including attorney's fees, costs, an order striking the notice, and referral to disciplinary authorities, for your egregious violation of Rule 11(b). Your removal is a flagrant abuse of the removal mechanism, directly contravening the Telephone Consumer Protection Act's (TCPA) explicit statutory intent for state court adjudication, misrepresenting federal jurisdiction, and perpetuating a scandalous conflict of interest through the Oklahoma State Attorney General's office. This Notice exposes your removal's legal deficiencies and demands accountability for this improper attempt to delay justice and harass a pro se, indigent Plaintiff.

I. **Basis for Sanctions Under FRCP 11**

FRCP 11(b) requires attorneys to certify that filings are not presented for improper purposes, are warranted by existing law or a nonfrivolous argument for extending law, and have evidentiary support. Violations warrant sanctions when counsel pursues legally groundless arguments or acts with improper intent. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). Your Notice of Removal violates these standards by:

- Advancing a frivolous legal argument that federal question jurisdiction under 28 U.S.C. § 1331 justifies removal, ignoring the TCPA's explicit state court jurisdiction under 47 U.S.C. § 227(c)(5).

- Misrepresenting the basis for federal jurisdiction and supplemental jurisdiction under 28 U.S.C. § 1367, without addressing binding precedent or statutory intent.

- Filing the removal for an improper purpose—to delay Plaintiff's access to justice in the state court forum Congress intended, harass a pro se, indigent litigant, and leverage the Oklahoma State Attorney General's conflicted influence in federal court.

This Notice details these violations and demands retraction to avoid sanctions, which Plaintiff will pursue with unwavering determination.

## II. **Frivolous Legal Arguments in Violation of FRCP 11(b)(2)**

Your Notice of Removal asserts federal question jurisdiction (Notice of Removal ¶ 11) and supplemental jurisdiction (¶ 12) without a nonfrivolous legal basis, ignoring the TCPA's statutory framework and binding precedent.

### A. **Violation of TCPA's Statutory Intent for State Court Jurisdiction**

The TCPA, under 47 U.S.C. § 227(c)(5), explicitly provides that private actions for violations of its regulations "may be brought in an appropriate court of that State." The Supreme Court in Mims v. Arrow Financial Services, LLC, 565 U.S. 368, 376–77 (2012), confirmed Congress's intent for state courts to be the primary forum for TCPA private actions, noting that "Congress sought to ensure that consumers could enforce their TCPA rights in state courts" (quoting S. Rep. No. 102-178, at 5 (1991)). The Eleventh Circuit in Cordoba v. DIRECTV, LLC, 942 F.3d 1259, 1265 (11th Cir. 2019), recognized the TCPA's purpose to "protect consumer privacy" through state court enforcement, underscoring this preference. You misunderstand Mims: the case justifies a *plaintiff* choosing to invoke federal question in a TCPA claim, not a defendant.

Plaintiff's Complaint asserts TCPA claims (Counts I–IV) as the sole federal causes, alongside state law OTSA claims (Counts V–VIII) and a common law intrusion upon seclusion claim (Count IX). Your removal (Notice of Removal ¶ 11) claims federal question jurisdiction under 28 U.S.C. § 1331, ignoring the TCPA's clear statutory directive for state court adjudication. This is not a nonfrivolous argument for extending law but a direct violation of Congressional intent, rendering your removal legally baseless. See Brill v. Countrywide Home Loans, Inc., 427 F.3d 446 (7th Cir. 2005) (noting TCPA claims are designed to be brought in state courts, and removal can undermine this intent).

### B. **Baseless Assertion of Federal and Supplemental Jurisdiction**

Your claim of federal question jurisdiction (Notice of Removal ¶ 11) is frivolous given the TCPA's state court preference. While Mims established concurrent jurisdiction, it did not

negate Congress's intent, as evidenced by the statute's text and legislative history. The Tenth Circuit in Garrett v. Cook, 652 F.3d 1249, 1254 (10th Cir. 2011), emphasized that removal must be based on a legitimate jurisdictional basis, and failure to do so can warrant sanctions. Your notice fails to address Mims or the TCPA's text, making your jurisdictional claim groundless under FRCP 11(b)(2).

Further, your invocation of supplemental jurisdiction under 28 U.S.C. § 1367 (Notice of Removal ¶ 12) over state law claims is baseless without a proper federal anchor. If the TCPA claims belong in state court, there is no basis for federal jurisdiction, rendering supplemental jurisdiction inapplicable. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). This argument lacks any legal foundation, further violating FRCP 11(b)(2).

### C. Typographical Error Reflecting Negligence

Your notice cites "28 U.S.C. § 116(b)" (Notice of Removal ¶ 6), which is incorrect. The proper citation is "28 U.S.C. § 116(c)":



This error, while minor, reflects a lack of due diligence in a filing with significant jurisdictional consequences, supporting sanctions for procedural negligence under FRCP 11(b). At the bare minimum, you should know the county and district you are in, and I do not appreciate having to hunt through statutes to correct your mistakes, you are supposed to be a professional.

### III. Improper Purpose in Violation of FRCP 11(b)(1)

Your removal constitutes an abuse of the removal mechanism, filed for the improper purpose of delaying Plaintiff's access to justice, harassing a pro se, indigent litigant, and forum-shopping. Removal is strictly construed, with doubts resolved in favor of remand. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09 (1941). By removing a case where the sole federal claims are explicitly designed for state court adjudication, you

undermine Congressional intent, delay Plaintiff's state court proceedings, and impose undue burdens on a pro se litigant who filed in state court under a pauper's affidavit (Compl. Ex. 3).

Your representation by the Oklahoma State Attorney General's office, which publicly opposes robocalls Oklahoma AG's Robocall Task Force, yet defends a robocall violator, suggests an ulterior motive to leverage state influence in federal court. This conflict, previously noted in Plaintiff's first sanctions notice, reinforces the improper purpose of removal, violating FRCP 11(b)(1) by seeking to harass and delay.

### IV. Lack of Evidentiary Support in Violation of FRCP 11(b)(3)

Your notice fails to address Plaintiff's pro se and indigent status (Compl. Ex. 3), which may warrant equitable considerations for state court adjudication. This selective omission lacks evidentiary support for a good-faith removal argument, violating FRCP 11(b)(3).

### V. Demand for Retraction

Pursuant to FRCP 11(c)(2), Plaintiff demands that you withdraw the Notice of Removal within 21 days of service. Failure to comply will result in a motion for sanctions, seeking:

- Monetary penalties to deter further frivolous filings.

- Plaintiff's costs and fees, including time spent as a pro se litigant. Kay v. Ehrler, 499 U.S. 432, 435 (1991).

- Nonmonetary sanctions, including striking the notice and referral to disciplinary authorities for your conflict of interest.

Your removal is a brazen attempt to subvert the TCPA's state court mandate, harass Plaintiff, and exploit a conflicted representation. Withdraw it now, or face the consequences of your egregious litigation tactics.

### VI. Reservation of Rights

Plaintiff reserves the right to seek additional sanctions under 28 U.S.C. § 1927 for vexatious litigation and to report counsel's conduct to the Oklahoma Bar Association for ethical violations, particularly given the State Attorney General's conflicting roles.

Dated: June 3, 2025

Respectfully submitted,
/s/ Anthony Trupia
Anthony Trupia
605 SE 21st St.

Oklahoma City, OK 73129

516-984-0142

trupiaar@gmail.com (mailto:trupiaar@gmail.com)

Pro Se Plaintiff