# IN THE UNITED STATES COURT FOR
# THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ATHONY TRUPIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:25-cv-00568-HE |
| ) | (Removed from Oklahoma County |
| BOB MOORE ENTERPRISES, LLC; ) | Case No. CJ-2025-2993) |
| ) | |
| Defendants. ) | |

## DEFENDANT'S REPLY IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS

Defendant, Bob Moore Enterprises, L.L.C. d/b/a Bob Moore Mazda ("Defendant"), respectfully submits this Reply in Support of its Motion to Dismiss. [Doc. No. 4]. At the outset, Plaintiff dedicates much of his Response to pointing out Defendant has raised affirmative defenses in its Motion to Dismiss. *See e.g.* [Doc. No. 25 at ¶ 41]. However, it is well established that a defendant can raise affirmative defenses "on a motion to dismiss where the facts establishing the [defenses] are apparent on the complaint's face." *Hakeem v. Lamar*, 493 F. Supp. 3d 1038, 1043–44 (D. N. M. June 30, 2020) (citing *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965). Thus, Plaintiff's *procedural* attack on the Motion is without merit. Rather, the Complaint must withstand the substance of Defendant's Motion. For the reasons set forth in the Motion and this Reply, it simply cannot do so, and therefore the Complaint should be dismissed.

### I. PLAINTIFF DOES NOT PLAUSIBLY ALLEGE USE OF AN ATDS.

47 U.S.C. § 227(b)(1)(A) targets automatic telephone dialing systems ("ATDS"), a particular type of device which "Congress found . . . to be uniquely harmful." *See*

*Facebook, Inc. v. Duguid*, 592 U.S. 395, 398–400 (2021). Crucially, an ATDS does not include a device which merely stores and dials telephone numbers—instead, an ATDS is only that which is capable of sequentially and randomly generating and storing phone numbers. *See id.* at 405. ("Expanding the definition of an autodialer to encompass any equipment that merely stores and dials telephone numbers would take a chainsaw to these nuanced problems when Congress meant to use a scalpel."); 47 U.S.C. § 227(a)(1). Thus, where the allegations reflect "targeted, individualized texts," as opposed to allegations showing use of a device that "calls phone numbers from a stored list using a random or sequential number generator to select those phone numbers," a violation of § 227(b)(1)(A) has not been plead because the use of an ATDS cannot be inferred. *See Libby v. Nat'l Republican Senatorial Committee*, 551 F. Supp. 3d 724, 729 (W.D. Texas, 2021). *See also Duguid*, 592 U.S. 395, 401

*Libby* illustrates this point. There, the defendant moved to dismiss "on the basis that the complaint lacks plausible facts indicating that [defendant] sent communications using an ATDS." *Libby*, 551 F. Supp. 3d at 728 (emphasis added). However, the plaintiff had alleged the defendant "uses dialing technology, which calls phone numbers ***from a stored list using a random or sequential number generator to select those phone numbers.***" *Id.* at 728 (emphasis added). It was also alleged that the defendant's website described its use of "recurring autodialed marketing messages." *Id.* (internal quotations omitted).

Here, Plaintiff does not specifically allege the use of a "random or sequential number generator," nor does he make any allegations from which the use of such device could be inferred. To the contrary, the messages—as Plaintiff describes them—were

2

plainly targeted and individualized, insofar as it referred to Plaintiff by his first name. [Doc. No. 1-1, ¶¶ 8–9]. Considering, in addition, that Plaintiff alleges having prior dealings with Defendant, he does not plausibly allege Defendant violated the TCPA by using an ATDS to send him the underlying text messages.[1]

## II. DEFENDANT'S TEXT MESSAGES DO NOT VIOLATE THE TCPA'S OR OTSA'S PROHIBITION OF "ARTIFICIAL" OR "PRERECORDED" MESSAGES.

Astoundingly, Plaintiff admits his claim that Defendant violated 47 U.S.C. § 227 by "sending text messages equivalent to prerecorded messages to Plaintiff's cellular phone without prior express written consent" (Counts II) is legally untenable. [Doc. No. 25 at ¶ 43]; [Doc. No. 1-1, ¶¶ 19–22]. Specifically, he acknowledges authority holding "text messages do not constitute prerecorded voice messages." [Doc. No. 25 at ¶ 43].

Out of an abundance of caution and pursuant to Fed. R. Civ. P. 12(h), however, Defendant explicitly preserves this issue. The Second and Ninth Circuits have both held that the term "voice," as it is used in 47 U.S.C. § 227(b)(1)(A), "encompass[es] only audible sounds[.]" *Trim v. Reward Zone USA, LLC*, 76 F.4th 1157, 1161 (9th Cir. 2023); *see also Soliman v. Subway Franchisee Advertising Fund Trust, Ltd.*, 101 F.4th 176, 186–87 (2d Cir. 2024). Thus, text messages which include no audio component cannot constitute an "artificial or prerecorded voice." *Trim*, 76 F.4th at 1161; *see also Soliman*, 101

---

[1] It should be noted that Plaintiff cites a number of cases which pertain to the sufficiency of generic allegations for the purposes of pleading a violation of the TCPA. [Doc. No. 25, ¶¶ 6, 9–15]. However, these cases are not instructive here because they either: (1) predate *Duguid*; or (2) involve allegations that a random sequential number generator was used.

F.4th at 186–87. Notably, Plaintiff makes no allegation that the messages at issue included any audio component whatsoever. Thus, his claims for "prerecorded" messages fail.

The same fundamental maxim also dooms Plaintiff's claim under 15 O.S. § 775C.3(A), which implicates "the playing of a recorded message when a connection is completed." Therefore, Plaintiff's claim that Defendant violated 15 O.S. § 775C.3(A), [Doc. No. 1-1, ¶¶ 35–38], by sending text messages is equally untenable.

## CONCLUSION

For the reasons set forth above and in the Motion, Defendant, Bob More Enterprises LLC, respectfully requests the Court dismiss Plaintiff's Petition pursuant to Fed. R. Civ. P. 12(b)(6) and award such other relief it deems just, equitable, and proper.

Respectfully submitted,

   *s/ Evan J. Edler*
Rodney K. Hunsinger, OBA #19839
Jared R. Boyer, OBA #30495
Evan J. Edler, OBA #34269
4217 28th Ave. NW, Suite 101
Norman, OK 73069
(405) 561-2410
(405) 563-9085 (fax)
Rodney@hblawpartners.com
Jared@hblawpartners.com
Evan@hblawpartners.com
***ATTORNEYS FOR DEFENDANT***

## CERTIFICATE OF SERVICE

This is to certify that on this 28th day of July, 2025, a true and correct copy of the above and foregoing document was mailed and/or emailed to:

Anthony Trupia
605 SE 21st St
Oklahoma City, OK 73129
trupiaar@gmail.com

                                                  *s/ Evan J. Edler*