IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY TRUPIA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | NO. CIV-25-0568-HE |
| ) | |
| BOB MOORE ENTERPRISES, L.L.C., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Anthony Trupia filed this case in the District Court of Oklahoma County, State of Oklahoma, asserting claims of violations of the federal Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227, and Oklahoma's Telephone Solicitation Act of 2022 (OTSA), 15 Okla. Stat. § 775C.1, *et seq*. He also asserted a claim under Oklahoma common law for "Intrusion upon Seclusion." Defendant Bob Moore Enterprises, L.L.C. timely filed a notice of removal, removing the case to this court based on the existence of federal question jurisdiction under 28 U.S.C. § 1331.

Since removal, the following motions have been filed:

- Defendant's Motion to Dismiss [Doc. #4];

- Defendant's Emergency Motion for Sanctions Against Plaintiff for Litigation Misconduct and to Prevent Continued Threats/Intimidation [Doc. #6];

- Plaintiff's Motion to Strike Defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 12(f) [Doc. #9];

- Plaintiff's Motion to Disqualify HB Law Partners as Counsel [Doc. #10];

- Plaintiff's Motion to Remand to State Court Pursuant to 28 U.S.C. § 1447(c) [Doc. #11];

- Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11(c) [Doc. #12];

- Plaintiff's Motion to Compel Defendant's Counsel to Forward Court Orders or For Clarification of Compliance Obligations [Doc. #13];

- Plaintiff's Motion for Leave to Use Electronic Filing [E-File] [Doc. #14].

As discussed below, the court concludes the motion to dismiss should be granted with respect to the TCPA claims. It further concludes the motion to disqualify and the motion to remand, at least insofar as it is based on matters referenced in it, should be denied. However, in light of the conclusion that the federal claims must be dismissed, and as the court declines to exercise supplemental jurisdiction over the remaining state law claims, the case will be remanded to state court on that basis. In light of that disposition, the other pending motions will be stricken as moot.

Motion to Remand

Plaintiff has moved to remand this case to state court on the basis that defendant's notice of removal "lacks a legitimate jurisdictional basis and violates the [TCPA's] statutory preference for state court adjudication." [Doc. #11, p. 1.]. The court disagrees. Although the TCPA provides for a private right of action in state courts, *see* 47 U.S.C. § 227(b)(3), the Supreme Court has held that "federal and state courts have concurrent jurisdiction over private suits arising under the TCPA." Mims v. Arrow Financial Servs., LLC, 565 U.S. 368, 372 (2012). Because plaintiff has asserted TCPA claims against defendant, federal-question jurisdiction under 28 U.S.C. § 1331 clearly exists. *See id*. at 377. Therefore,

defendant properly removed the case to this court pursuant to 28 U.S.C. § 1441(a) and it is not subject to remand on the basis set out in the motion.

Motion to Disqualify

Plaintiff has moved to disqualify HB Law Partners, PPLC, and its attorneys, Evan Elder and Jared Boyer, from representing defendant in these proceedings. According to plaintiff, the law firm and attorneys have violated Rules 1.7 and 8.4 of the Oklahoma Rules of Professional Code, 5 Okla. Stat. Ch. 1, App. 3-A, by Mr. Elder filing documents in this court using PACER credentials for his former employer, the Oklahoma Attorney General's Office, thereby "falsely impl[ying] state authority" [Doc. #10, p. 2], and by Mr. Boyer sending an email to plaintiff denying the Oklahoma Attorney General Office's involvement in the case, but allegedly "threaten[ing] criminal prosecution for 'intimidation/extortion' unless [p]laintiff reduced settlement demands[.]" [*Id.*, p. 1]. Plaintiff also asserts that defendant's owner donated money to the Oklahoma Attorney General in 2021 and 2022, and those donations, combined with the law firm's failure to withdraw, creates a "plausible appearance of favoritism, violating Rule 8.4 and public trust." [*Id.* at p. 2]. Further, plaintiff asserts that the law firm's refusal to withdraw after Mr. Elder's alleged "mistake" was identified violates Rules 4.4 and 4.5 of the Oklahoma Ethics Commission Rules, 74 Okla. Stat. Ch. 62, App. 1.

Plaintiff's disqualification request is without merit. Neither counsel nor the law firm violated Rules 1.7 or 8.4 by their alleged conduct or by their failure to withdraw because of any donations made by their client to the Oklahoma Attorney General. Moreover, Mr. Boyer's email cannot plausibly be construed as threatening criminal

3

prosecution of plaintiff for "intimidation/extortion" or anything of the sort. Further, neither counsel nor the law firm have violated Rules 4.4 and 4.5 of Oklahoma Ethics Commission Rules. Indeed, those rules do not even apply to them.

Motion to Dismiss

Defendant has moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss plaintiff's complaint in its entirety. To overcome dismissal under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged. *Id*. Because plaintiff is proceeding *pro se*, the court construes the complaint liberally but does not assume the role of an advocate for him. *See* Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In the complaint, plaintiff alleges that he contacted defendant in June 2024 to arrange service of his vehicle. Following that interaction and without his prior express written consent, defendant enrolled plaintiff in a marketing campaign involving automated text messages. On December 16, 2024 and March 5, 2025, plaintiff received unsolicited text messages stating "Hello Anthony, this is Amber at Bob Moore Enterprises, L.L.C. Our records indicate that it's already time for your next service visit. Can I help you schedule an appointment? Opt-out reply STOP." Plaintiff alleges that he did not provide prior express written consent to receive the text messages.

Additionally, in the complaint, plaintiff alleges that the text messages were sent "using an automatic telephone dialing system [ATDS] or prerecorded messages, as

4

evidenced by their generic, automated nature and the identification of 'Amber' as an AI virtual assistant by a Bob Moore Enterprises, L.L.C employee." He also alleges that the text messages failed to provide the phone number or address of defendant, and that they originated from a phone number that provided misleading or inaccurate caller identification information. Further, plaintiff alleges the text messages intruded upon his privacy and seclusion, causing annoyance, frustration, and disruption.

Based on the factual allegations, plaintiff asserts that defendant violated the TCPA, specifically, 47 U.S.C. §§ 227(b)(1)(A)(iii), 227(d)(3)(A), and 227(e)(1), and the implementing regulations, 47 C.F.R. §§ 64.1200(a)(1), 64.1200(b)(1) and 64.1604(a), and that defendant violated the OTSA, specifically, 15 Okla. Stat. §§ 775C.3(A), 775C.3(B), and 775C.4(B)(1)-(2). For the claimed violations, plaintiff requests recovery of statutory damages. Plaintiff also asserts an "Intrusion upon Seclusion" claim under Oklahoma common law for which he requests recovery of compensatory damages. Further, plaintiff requests injunctive relief and an order requiring defendant to pay fines to the United States and the State of Oklahoma.

Count I - 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(1) Claim

The TCPA makes it unlawful to make certain calls "using any automatic telephone dialing system" to "any telephone number assigned to a [] cellular telephone service" without the "prior express consent of the called party[.]" 47 U.S.C. § 227(b)(1)(A)(iii); *see also* 47 U.S.C. § 64.1200(a)(1)(iii). To state a claim under the statute, plaintiff must

allege that (1) the defendant called a cellular telephone number,[1] (2) using an automatic telephone dialing system, and (3) without the recipient's prior express consent. *See* Hunsinger v. Alpha Cash Buyers, LLC, Civil Action No. 3:21-CV-1598-D, 2021 WL 5040228, at 3 (N.D. Tex. Oct. 29, 2021). Defendant contends that plaintiff has failed to state a claim under the TCPA because he has failed to allege sufficient facts to plausibly establish the second element – using an automatic telephone dialing system.

The TCPA defines the term "automatic telephone dialing system" or ATDS as "equipment which has the capacity--(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). In Facebook, Inc. v. Duguid, 592 U.S. 395 (2021), the Supreme Court resolved a circuit split "regarding whether an autodialer must have the capacity to generate random or sequential phone numbers" or whether an ATDS "need only have the capacity to store numbers to be called and to dial such numbers automatically." *Id*. at 401-02 (quotation marks and citations omitted). The Court determined that, "[t]o qualify as an 'automatic telephone dialing system,' a device must have the capacity to either store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." *Id*. at 399. The Court also stated that, "whether storing or producing numbers to be called, the equipment in question must use a random or sequential number generator." *Id*. at 404.

---

[1] *A text message to a cellular telephone qualifies as a call within the meaning of section 227(b)(1)(A)(iii). See* Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 156 (2016).

The court agrees that plaintiff's allegations are not sufficient to establish that the equipment used by defendant to send the text messages qualified as an ATDS. There are no facts for the court to reasonably infer that the equipment had the capacity to either store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator.

In his papers, plaintiff urges the court to accept his allegations regarding the ATDS, claiming that technical details involving the ATDS should be addressed at a later stage after discovery. The court disagrees. The allegation that "the text messages were sent using an automated telephone dialing system" is conclusory, and as such, cannot suffice to plausibly state the second element of the TPCA claim. Likewise, the additional allegations, "generic, automated nature" and "the identification of 'Amber' as an AI virtual assistant by a Bob Moore Enterprises, L.L.C. employee" cannot suffice to establish the ATDS element.

Further, it is apparent from the facts that have been alleged that plaintiff cannot establish that defendant used an ATDS to send the text messages. Plaintiff alleges that he contacted defendant to arrange service for his vehicle, and following that interaction, defendant enrolled plaintiff in a marketing campaign involving automated text messages. Thereafter, defendant sent plaintiff two unsolicited text messages from Amber, an AI virtual assistant, mentioning plaintiff's name in the text message and advising him that its records indicated it was time for his service visit. But dialing systems "us[ing] a pre-existing list of telephone numbers that are not automatically or randomly generated, but are drawn from other sources, including . . . from consumers themselves who voluntarily provided them" are not implicated by the TCPA. Soliman v. Subway Franchisee

Advertising Fund Trust, LTD., 101 F.4th 176, 183 (2nd Cir. 2024). An ATDS for purposes of TCPA liability "is one that generates *telephone* numbers." Id. at 181 (emphasis in original); see also Borden v. eFinancial, LLC, 53 F.4th 1230, 1231 (9th Cir. 2022) (holding that an ATDS "must generate and dial random or sequential *telephone* numbers under the TCPA's plain text" in a case involving an autodialer that selected telephone numbers from a pre-existing list of telephone numbers) (emphasis in original); Panzarella v. Navient Solutions, Inc., 37 F.4th 867, 881-82 (3d. Cir. 2022) (holding section 227(b)(1)(A)(iii) not violated where autodialing system did not rely on "random-or sequential-number generation" to call plaintiffs; it called them from "specific, curated borrower lists"); Beal v. Outfield Brew House, LLC, 29 F.4th 391, 393 (8th Cir. 2022) (holding that "an automated marketing system that sends promotional text messages to phone numbers randomly selected from a database of customers' information" is not an ATDS within the meaning of the TCPA). According to the facts alleged and the reasonable inferences from those facts, plaintiff's telephone number was not automatically or randomly generated, but selected from information defendant possessed after plaintiff arranged for vehicle service. Thus, plaintiff cannot establish that defendant used an ATDS in sending the text messages to him, and therefore, Count I is subject to dismissal with prejudice under Rule 12(b)(6).

Count III – 47 U.S.C. § 227(d)(3)(A) and 47 C.F.R. § 64.1200(b)(1) Claim and Count IV – 47 U.S.C. § 227(e)(1) and 47 C.F.R. § 64.1604(a) Claim

In his complaint, plaintiff asserts that defendant violated 47 U.S.C. §§ 227(d)(3)(A) and (e)(1), along with the implementing regulations, by failing to include its telephone

8

number or address in the text messages and by sending misleading and inaccurate caller identification information.

Defendant contends that plaintiff cannot enforce the alleged violations because the TCPA does not provide plaintiff with a private cause of action. In response, plaintiff "concedes there is no private right of action for Counts III and IV." *See* [Doc. #25, ¶ 20].

Upon independent review, the court agrees that plaintiff has no private right of action to enforce violations of section 227(d)(3)(A) or section 227(e) and the implementing regulations. *See* <u>Ashland Hosp. Corp. v. Service Employees Intern. Union, Dist. 1199 WV/KY/OH</u>, 708 F.3d 737, 745 (6th Cir. 2013) (no private right of action for alleged violation of section 227(d)(3)(A)); <u>Cunningham v. Creative Edge Marketing LLC</u>, Civil Action No. 4:19-CV-00669-ALM-CAN, 2021 WL 2792353, at * 5 (E.D. Tex. June 16, 2021) (no private right of action for alleged violation of section 227(e)) (citing cases). Therefore, the court concludes Count III and IV are subject to dismissal with prejudice under Rule 12(b)(6).

<u>Count II – 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(1) Claim</u>

The TCPA also prohibits the making of certain calls using "an artificial or prerecorded voice" to a "telephone number assigned to [] a cellular telephone service" without "the prior express consent of the called party[.]" 47 U.S.C. § 227(b)(1)(A)(iii); *see also* 47 U.S.C. § 64.1200(a)(1)(iii).

In its motion, defendant contends that Count II is subject to dismissal under Rule 12(b)(6) because the text messages were informational in nature rather than advertising or telemarketing in nature. According to defendant, informational messages do not require

written consent. Rather, they require only consent. Defendant maintains that plaintiff consented to the text messages by providing his telephone number to defendant when arranging service, and the messages only provided information with respect to service.

Plaintiff counters the text messages had dual purposes. Specifically, they had an informational purpose as well as a marketing purpose. Because the text messages had a dual purpose, plaintiff asserts they violated the TCPA when sent by defendant. In addition, plaintiff admits that while researching his claims, he "encountered a strong potential argument against Count[] II" that "text messages do not constitute prerecorded voice messages." Doc. #25, ¶ 43(a). However, he argues that defendant has waived this "appropriate and strong" argument by not raising it.

It is well-established that the "court may dismiss *sua sponte* [under Rule 12(b)(6)] when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall, 935 F.2d at 1110 (quotation marks and citation omitted). Here, based on the facts alleged and existing case authority, it is patently obvious that plaintiff cannot state a TCPA claim against defendant for making a call using "an artificial or prerecorded voice." *See* Soliman, 101 F.4th at 186 (text message is not a "artificial voice"); *see also* Trim v. Reward Zone USA, LLC, 76 F.4th 1157, 1161 (9th Cir. 2023) ("prerecorded voice" requires audible sounds and affirming dismissal because a text message did not include an audible component). Because plaintiff cannot prevail on the facts alleged in the complaint and allowing him an opportunity to amend his complaint would be futile in light of existing law, the court concludes that Count II is subject to dismissal with prejudice under Rule 12(b)(6).

10

State Law Claims

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." The Tenth Circuit has stated that "'[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state law claims.'" Koch v. City of Del City, 660 F.3d 1228, 1248 (10th Cir. 2011) (quoting Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1156 (10th Cir. 1998)). Here, the court concludes that dismissal of all claims over which it has original jurisdiction—the TCPA claims, is appropriate under Rule 12(b)(6). The only remaining claims are state law claims against defendant. The court declines to exercise supplemental jurisdiction over those claims and will remand those claims to state court for further proceedings.

Conclusion

Accordingly, for the reasons stated, plaintiff's Motion to Remand [Doc. #11] and Motion to Disqualify [Doc. # 10] are **DENIED**.

Defendant's Motion to Dismiss [Doc. #4] is **GRANTED** to the extent all claims under the federal Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227, are **DISMISSED WITH PREJUDICE** under Fed. R. Civ. P. 12(b)(6). Pursuant to 28 U.S.C. § 1367(c)(3), the court declines to exercise supplemental jurisdiction over the remaining state law claims and **REMANDS** this action to state court for further proceedings with respect to those claims.

In light of the court's disposition, the other pending motions [Doc. Nos. 6, 9, 12, 13, and 14] are **STRICKEN as MOOT**.

**IT IS SO ORDERED**.

Dated this 5th day of August, 2025.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE